IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMUEL MORELAND,

                Plaintiff,

v.                                                   OPINION and ORDER

WARDEN OFFICE BRYANT, DR. LANDERS, DR.
ZIMMERMAN, MS. ALT, WARDEN ZANNON, DR.            22-cv-679-jdp
ADAMS, and DR. DRAKEIM,

                Defendants.

---

      Pro se plaintiff Samuel Moreland, who paid the $402 filing fee, alleges due process and equal protection violations based on defendants' failure to place him in the Wisconsin Correctional Center System (WCCS). Because Moreland was incarcerated when he filed this case, I must screen his complaint under 28 U.S.C. § 1915A. I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Because Moreland's complaint and fails to state a claim upon which relief may be granted, I will dismiss it. But I will allow Moreland to file an amended complaint to fix, if possible, the problems with his equal protection claim.

ALLEGATIONS OF FACT

      Defendant Dr. Drakeim submitted an inaccurate medication compliance report to the Program Review Committee (PRC), which denied Moreland placement at WCCS. The report

was inaccurate because sometimes Moreland's medication did not appear on the monitor when correctional officers scanned his ID. Defendant Dr. Lis knowingly used the same flawed information for her report to the PRC, which again denied Moreland placement at WCCS. Drakeim refused to amend the report, contending that one refusal to take medication was noncompliance.

Later, Moreland was medication compliant and, allegedly, eligible for WCCS. But defendants Dr. Landers, Dr. Zimmerman, and Ms. Alt still denied his request for placement there.

Moreland alleges that defendants violated his right to procedural due process. Moreland says that he was discriminated against based on his mental health needs. Moreland seeks damages and immediate transfer to WCCS. Moreland seeks transfer to WCCS because it "is more of a halfway house" where almost everyone has a job earning at least the federal minimum wage, whereas hardly any prisoners at his institution make that much money.

ANALYSIS

A.  Procedural due process

To state a procedural due process claim, Moreland must allege that "a state actor deprived him of a constitutionally protected liberty or property interest without due process of law." *See Hinkle v. White*, 793 F.3d 764, 767 (7th Cir. 2015); *see also Nash v. Litscher*, 50 F. App'x 317, 320 (7th Cir. 2002). "A prisoner has no due process right to be housed in any particular facility." *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995); *see also Meachum v. Fano*, 427 U.S. 215, 216 (1976); *Shango v. Jurich*, 681 F.2d 1091, 1098 (7th Cir. 1982). Wisconsin "prisoners are not *entitled* to participate" in Department of Corrections' "work

2

release program; they merely have the *opportunity* to participate pending approval by the relevant authority." *Grisle v. Jess*, No. 17-CV-858-PP, 2017 WL 3274214, at *3 (E.D. Wis. Aug. 1, 2017) (emphasis in original); *accord Mayfield v. Peissig*, No. 20-CV-269-BBC, 2020 WL 2849990, at *2 (W.D. Wis. June 2, 2020); *see Jordan v. Cockroft*, 490 F. App'x 813, 815 (7th Cir. 2012) (Wisconsin regulations give DOC officials discretion to decide whether a prisoner may be awarded work-release status).

Moreland contends that DOC regulations gave him a liberty interest in being transferred to WCCS, where he would be able to participate in a work-release program. As the above authorities make clear, he is mistaken. Moreland had no liberty interest in being placed at WCCS or in being awarded work release. Moreland's procedural due process claim is legally frivolous. I will not allow him to replead this claim in his amended complaint.

**B. Equal protection**

To state a claim for equal protection, the plaintiff must allege that the defendant mistreated him because of a protected characteristic. *See Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019); *Donaldson v. City of Chicago*, 784 F. App'x 957, 960 (7th Cir. 2019). Physical and mental disabilities are not protected characteristics under the Equal Protection Clause. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001); *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 446 (1985). Because disability is not a protected characteristic, "the proper standard of review is rational basis." *See Srail v. Vill. of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). Rational basis review requires Moreland to show that: (1) the state actor intentionally treated him differently from others similarly situated; (2) this different treatment was caused by his disability; and *(3)* this different treatment was not rationally related to a legitimate state interest. *See id.*

Here, Moreland fails to allege that defendants intentionally treated him differently from others similarly situated because of his mental health needs. Without more, the allegation that defendants knowingly provided false information to the PRC does not support this inference. I will not allow Moreland to proceed on this claim.

I will allow Moreland to file an amended complaint in which he attempts to state a viable equal protection claim. In drafting his amended complaint, Moreland should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of federal law.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff's procedural due process claim is DISMISSED without leave to amend, and plaintiff's equal protection claim is DISMISSED with leave to amend.

2. Plaintiff may have until February 8, 2023, to submit an amended complaint that corrects, if possible, the deficiencies in his equal protection claim.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff does not file an amended complaint by the deadline set above, or otherwise fails to comply with this order, I may dismiss this case.

6. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court are unable to locate him, him claims may be dismissed for his failure to prosecute them.

7. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered January 17, 2023.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge