IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMUEL MORELAND,

                                Plaintiff,

        v.                                                          OPINION and ORDER

WARDEN OFFICE BRYANT, DR. LANDERS, DR.                             22-cv-679-jdp
ZIMMERMAN, MS. ALT, WARDEN ZANNON, DR.
ADAMS, and DR. DRAKEIM,

                                Defendants.

---

I dismissed pro se plaintiff Samuel Moreland's original complaint for failure to state a claim upon which relief may be granted, but I allowed him to file an amended complaint to fix the problems with his equal protection claim. Moreland has filed an amended complaint alleging that defendants mistreated him because of his mental health classification and falsified his medical records.

Because Moreland is incarcerated, I must screen the amended complaint under 28 U.S.C. § 1915A. I must dismiss any portion of the amended complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Moreland's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Moreland has failed to fix the problems with his equal protection claim, and has failed to state a claim upon which relief may be granted based on the alleged falsification of medical records. I will dismiss these claims without leave to amend because it does not appear that further amendment would yield a viable claim under either theory. Moreland has failed to state

a claim under the Rehabilitation Act as well, but I will allow him to file a second amended complaint to fix the problems with this potential claim.

## ALLEGATIONS OF FACT

Defendant Dr. Drakeim performed a minimum security placement evaluation on Moreland. The interview "began getting heated when Dr. Drakeim accused Moreland of being noncompliant with medication," which was not true. Dr. Drakeim exaggerated Moreland's noncompliance, stating that refusing even one dose could result in placement in segregation. Defendant Dr. Adams also wrote that one refusal was noncompliance, and Dr. Lis threatened Moreland with segregation for his alleged noncompliance. Moreland believes that defendants would have corrected his medical records if he didn't have a "serious mental health code." Defendants' false allegations of medication noncompliance prevented Moreland from receiving minimum-security classification and affected his "eligibilities."

## ANALYSIS

### A.  Equal protection

To state an equal protection claim, Moreland must allege that defendants mistreated him because of a protected characteristic. *See Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019); *Donaldson v. City of Chicago*, 784 F. App'x 957, 960 (7th Cir. 2019). Physical and mental disabilities are not protected characteristics under the Equal Protection Clause. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001); *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 446 (1985). Because disability is not a protected characteristic, "the proper standard of review is rational basis." *See Srail v. Vill. of*

*Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). Rational basis review requires Moreland to allege that: (1) defendants intentionally treated him differently from others similarly situated; (2) this different treatment was caused by his disability; and (3) this different treatment was not rationally related to a legitimate state interest. *See id.*

I will assume for screening purposes that Moreland has alleged the second and third elements. But Moreland has not alleged, even generally, that defendants treated him differently than similarly situated prisoners. Moreland has not alleged, for instance, that defendants determined other prisoners that allegedly refused medication only once to be medication compliant. Moreland alleges that defendants' actions were intentional, but his allegations are too conclusory to support a reasonable inference that defendants intentionally treated him differently than similarly situated prisoners. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I will not allow Moreland to proceed on his equal protection claim.

**B.  Rehabilitation Act**

I will consider whether Moreland has stated a claim under the Rehabilitation Act, rather than the Americans with Disabilities Act, because the analysis and relief available under these statutes are mostly the same except that damages are available against the Department of Corrections under the Rehabilitation Act. *See Barrett v. Wallace*, 570 F. App'x 598, 600 n.1 (7th Cir. 2014); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).

To state a disability discrimination claim under the Rehabilitation Act, Moreland must allege that: "(1) he is a qualified person (2) with a disability and (3) the state agency denied him access to a program or activity because of his disability." *See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Plaintiffs may seek injunctive relief, but not damages, under the Rehabilitation Act from individual prison officials. *See Stanek v. St. Charles Cmty. Unit*

3

*Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 606 (7th Cir. 2004). Moreland must also "allege a specific disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015).

Moreland contends that he has a "serious mental health code" but has failed to specify a disability. Moreland's bare assertion that he has a mental health condition is not sufficient to proceed under the Rehabilitation Act. *See Tate*, 809 F.3d at 345 (allegation that "I believe I was discriminated against because of my disability" insufficient); *Mohammed v. DuPage Legal Assistance Found.*, 781 F. App'x 551, 553 (7th Cir. 2019) (allegation of "Emotional Disabilities" insufficient). Even a specific diagnosis of a mental illness is not, in itself, a disability. A disability is a limitation in major life functions, and Moreland would have to describe those limitations to state a claim under the Rehabilitation Act. Also, Moreland's claim for damages under the Rehabilitation Act is deficient because he did not name the Department of Corrections as a defendant.

## C.  Falsification of medical records

I will consider whether Moreland's allegation that defendants have falsified his medical records states a claim under 42 U.S.C. § 1983. The falsification of medical records, standing alone, does not violate the Constitution. *See Sherman v. Corcella*, No. 3:19-CV-1889, 2020 WL 4043178, at *11 (D. Conn. July 16, 2020) ("District courts have generally declined to find that falsification of medical records alone gives rise to an independent Eighth Amendment claim under Section 1983."); *Smith v. Iverson*, No. 8:19CV298, 2019 WL 4417548, at *11 (D. Neb. Sept. 16, 2019) ("Falsification of medical records, in and of itself, generally will not give rise to a § 1983 claim."); *Crisp v. Wasco State Prison*, No. 1:13-CV-01899, 2015 WL 3486950, at *5 (E.D. Cal. June 2, 2015) ("Plaintiff has no independent claim for relief under the Eighth

Amendment for denial of accurate medical records."); *Bloomfield v. Wurzberger*, No. CIVA908CV619, 2009 WL 3335892, at *5 (N.D.N.Y. Oct. 15, 2009) ("The filing of a false entry in medical records, without more, does not constitute a constitutional violation."); *McLaren v. Warren*, No. CIV. 09-CV-172, 2009 WL 3247439, at *5 (D.N.H. Oct. 5, 2009) ("The alteration of medical records, without more, does not allege any constitutional harm or otherwise give rise to a claim actionable under [42 U.S.C.] § 1983."), *report and recommendation adopted*, 2009 WL 4781146 (D.N.H. Dec. 10, 2009).

Moreland has not alleged that defendants "deliberate[ly] refus[ed] to provide medical attention," *see Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997), or provided any other allegations that could raise defendants' alleged falsification of his medical records to the level of a constitutional violation. I will not allow Moreland to proceed on his allegation that defendants falsified his medical records.

CONCLUSION

I will dismiss Moreland's equal protection claim without leave to amend. The amended complaint did not fix the problems with this claim and it is implausible that further leave to amend would yield a viable equal protection claim. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("Leave to amend need not be granted . . . if it is clear that any amendment would be futile."). I will also dismiss Moreland's claim based on the falsification of medical records without leave to amend. I did not analyze a claim based on the falsification of medical records in the original screening order, but it is clear that granting Moreland leave to amend this claim would be futile.

I will, however, allow Moreland to file a second amended complaint to fix the problems with his Rehabilitation Act claim. In drafting his second amended complaint, Moreland should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in the alleged disability discrimination. Moreland must take care to allege what each defendant did, or failed to do, to violate his rights under the Rehabilitation Act.

- Moreland should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Moreland believes supports a claim, he should identify each defendant who took that action.

- Identify all the parties he wishes to sue in the second amended complaint's caption.

- Omit legal arguments other than explaining what types of claims that he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Samuel Moreland's amended complaint, Dkt. 9, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff's equal protection claim and claim based on the falsification of medical records are DISMISSED without leave to amend.

3. Plaintiff may have until July 12, 2023, to submit a second amended complaint that fixes the problems with his Rehabilitation Act claim. Plaintiff may not allege any other claims in his second amended complaint.

4. Plaintiff must file his second amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form

completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

5. The second amended complaint will act as a complete substitute for the amended complaint. This case will proceed on only the allegations made and claims presented in the second amended complaint, and against only the defendants specifically named in the second amended complaint's caption.

6. If plaintiff fails to comply with this order, I may dismiss this case.

7. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

8. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered June 12, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge